UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN L. BESS,

     Plaintiff,

     v.

ROJAY L. THOMAS, KILLINGSWORTH,
JONES, KRITLIN, GONZALES, DAWN
SCHILLING, and POTCHIN,

     Defendants.

CAUSE NO. 3:26cv663 DRL-SJF

<u>OPINION AND ORDER</u>

Dustin L. Bess, a prisoner without a lawyer, filed a complaint alleging he was beaten by guards at the Westville Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bess says he spit on Officer Gonzales on July 14, 2024. He alleges that he then was taken to Lt. Kritlin's office where Sgt. RoJay L. Thomas, Sgt. Killingsworth, Sgt. Jones, Lt. Kritlin, and Officer Gonzales beat him to unconsciousness while he was restrained. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-

faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation and quotations omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Though *de minimis* uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890-91 (citation omitted). Here, the complaint states a claim against these defendants for excessive use of force.

Mr. Bess alleges Lt. Kritlin called Nurse Dawn Schilling to his office to close a wound to his head but ordered her not to give him pain medication or an x-ray even though she said he needed an x-ray. The complaint says Nurse Schilling did as she was told. To state an Eighth Amendment claim against a non-medical provider, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "For a medical professional to be … deliberate[ly] indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotations and citations omitted). This complaint

2

states a claim against both Lt. Kritlin and Nurse Schilling for a denial of constitutionally adequate medical treatment.

Mr. Bess alleges he tried to seek medical treatment and complain about these events, but Sgt. RoJay L. Thomas, Sgt. Killingsworth, and Sgt. Potchin prevented him from doing so and threatened him with additional physical violence if he told anyone about what happened. To state a First Amendment retaliation claim, an inmate must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (cleaned up). "[N]ot only actual harms but also threats of harm can deter First Amendment activity." *Douglas v. Reeves*, 964 F.3d 643, 649 (7th Cir. 2020) (citing *Novoselsky v. Brown*, 822 F.3d 342, 356 (7th Cir. 2016)). This complaint states a retaliation claim against Sgt. RoJay L. Thomas, Sgt. Killingsworth, and Sgt. Potchin.

Mr. Bess filed a preliminary injunction motion. ECF 3. He asks the court to order the Warden to guarantee he receives medical treatment for the injuries he suffered nearly two years ago. He says he has not sought treatment because the defendants threatened him with further violence if he did. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotations omitted).

Mr. Bess cannot show that he is likely to succeed on the merits of an injunctive relief claim for medical treatment because he did not bring such a claim in his complaint (which seeks only monetary damages for past events). Even if he had raised such a claim, he has not demonstrated he is unable now to seek and obtain medical treatment without an injunction. Mr. Bess has not shown he is unable to obtain medical treatment today without the assistance of the warden.

For these reasons, the court:

(1) GRANTS Dustin L. Bess leave to proceed against Sgt. RoJay L. Thomas, Sgt. Killingsworth, Sgt. Jones, Lt. Kritlin, and Officer Gonzales in their individual capacities for compensatory and punitive damages for using excessive force to beat him unconscious while he was restrained on July 14, 2024, in violation of the Eighth Amendment;

(2) GRANTS Dustin L. Bess leave to proceed against Lt. Kritlin and Nurse Dawn Schilling in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment on July 14, 2024, in violation of the Eighth Amendment;

4

(3) GRANTS Dustin L. Bess leave to proceed against Sgt. RoJay L. Thomas, Sgt. Killingsworth, and Sgt. Potchin in their individual capacities for nominal and punitive damages for retaliating against him, in violation of the First Amendment, by threatening him with physical violence if he tried to obtain medical treatment or complained about the beating;

(4) DISMISSES all other claims;

(5) DENIES the preliminary injunction motion (ECF 3);

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. RoJay L. Thomas, Sgt. Killingsworth, Sgt. Jones, Lt. Kritlin, Officer Gonzales, and Sgt. Potchin at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Dawn Schilling at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(8) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. RoJay L. Thomas, Sgt. Killingsworth, Sgt. Jones, Lt. Kritlin, Officer Gonzales, Sgt. Potchin, and Nurse Dawn Schilling to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 18, 2026

s/ Damon R. Leichty
Judge, United States District Court