UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN L. BESS,<br><br>Plaintiff,<br><br>v.<br><br>ROJAY L. THOMAS *et al.*,<br><br>Defendants. | CAUSE NO. 3:26cv663 DRL-SJF |

OPINION AND ORDER

Dustin L. Bess, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Sgt. RoJay L. Thomas, Sgt. Killingsworth, Sgt. Jones, Lt. Kritlin, and Officer Gonzales in their individual capacities for compensatory and punitive damages for using excessive force to beat him unconscious while he was restrained on July 14, 2024, in violation of the Eighth Amendment[.]" ECF 6 at 4. Second, he is proceeding "against Lt. Kritlin and Nurse Dawn Schilling in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment on July 14, 2024, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Sgt. RoJay L. Thomas, Sgt. Killingsworth, and Sgt. Potchin in their individual capacities for nominal and punitive damages for retaliating against him, in violation of the First Amendment, by threatening him with physical violence if he tried to obtain medical treatment or complained about the beating[.]" *Id.* at 5.

The defendants filed a summary judgment motion, arguing Mr. Bess did not exhaust his available administrative remedies before filing this lawsuit. ECF 26. Mr. Bess filed an

affidavit in response, explaining the steps he took to exhaust his administrative remedies. ECF 32 at 3. The defendants have not filed any reply, and the time for doing so has expired. The court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006).

The availability of a remedy depends on whether the prisoner could actually use it, not merely whether a grievance procedure existed on paper. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, officials may render remedies unavailable by withholding required forms or otherwise preventing the prisoner from using the process. *Id.* Prison employees cannot take advantage of the exhaustion requirement when their own affirmative misconduct prevents exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The same is true when prison administrators thwart access through "machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016); *see also Gooch v. Young*, 24 F.4th 624, 628 (7th Cir. 2022) ("A remedy is not considered 'available' to an inmate who is prevented by threats or intimidation by prison officials from submitting a grievance according to the prescribed policies."). The defendants bear the burden of showing that administrative remedies were available and that plaintiff failed to exhaust them. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). This burden remains with the defendants throughout; it never shifts to the plaintiff to show administrative remedies were unavailable. *Gooch*, 24 F.4th at 627.

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Mr. Bess's grievance records. During all relevant times, an Offender Grievance Process was in place at WCF that required inmates to complete three

steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 27-1 at 2; ECF 27-2 at 3. The Grievance Specialist attests the grievance office has no record of ever receiving any grievance from Mr. Bess related to his allegations in this lawsuit. ECF 27-1 at 6.

In response, Mr. Bess attests that he attempted to submit grievances on three occasions in July 2024, each complaining that the defendants used excessive force and then denied him medical care on July 14. ECF 32 at 3. Specifically, he attests that he placed relevant grievances in his mailbag on July 15, July 20, and July 25, and each time they were removed from his mailbag by Sgt. Thomas and Sgt. Killingsworth. *Id.* Further, he attests Sgt. Thomas told him they would beat him "even worse" if he tried to file any more grievances, which made him afraid to file any additional grievances. *Id.*

Here, Mr. Bess's affidavit supplies specific evidence that officers obstructed his access to the grievance process. He identifies three dates on which he tried to submit grievances, names the officers who removed them from his mailbag, and describes Sgt. Thomas's threat against further filings. ECF 32 at 3. These are factual assertions about events within his personal knowledge, not merely a conclusory claim that remedies were unavailable. *See Kaba*, 458 F.3d at 681 (recognizing that detailed, specific affidavits based on personal knowledge are competent evidence opposing summary judgment).

The Grievance Specialist's attestation that the grievance office received no grievance about these events does not contradict Mr. Bess's account. If Sgts. Thomas and Killingsworth removed his grievances from the mailbag as he attests, the absence of those grievances from the grievance office's records is consistent with that interference. The existence of a written

policy and records showing nonreceipt therefore do not establish that Mr. Bess could actually use the process. *See Dole*, 438 F.3d at 809.

Sgt. Thomas's alleged threat provides an additional reason to deny summary judgment. In *Gooch*, 24 F.4th at 627-28, the court held that officials failed to establish the availability of administrative remedies when they did not contest the prisoner's testimony that threats of violence deterred him from filing a grievance. Mr. Bess likewise describes a specific threat of another—more severe beating if he submitted additional grievances and attests that it made him afraid to do so. ECF 32 at 3. Viewed in Mr. Bess's favor, this evidence supports a finding that intimidation prevented further use of the grievance process, including to complain about the threats themselves. *See Ross*, 578 U.S. at 644.

The defendants have not replied to or otherwise disputed Mr. Bess's account of these obstructions. On this record, and drawing all reasonable inferences in Mr. Bess's favor, the defendants have not met their burden to show Mr. Bess had any available administrative remedies that he did not exhaust. They are thus not entitled to summary judgment on their exhaustion defense.

For these reasons, the court DENIES the summary judgment motion (ECF 26).

SO ORDERED.

November 4, 2026

*s/ Damon R. Leichty*
Judge, United States District Court